UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH DAKOTA

WESTERN DIVISION

| | |
|---|---|
| JAMES J. JUMPING EAGLE,<br><br>              Plaintiff,<br><br>   vs.<br><br>ROB YANTIS, Pennington County Jail Commander, in his individual and official capacities; NURSE F/N/U L/N/U, Pennington County Jail nurse, in his/her individual and official capacity; JOHN DOES 1-10, in their individual and official capacities,<br><br>              Defendants. | CIV. 19-5015-JLV<br><br>ORDER |

## INTRODUCTION

On February 28, 2019, plaintiff James Jumping Eagle filed a complaint pursuant to 42 U.S.C. § 1983 alleging officials at the Pennington County Jail ("the Jail") in Rapid City, South Dakota, ignored his serious medical needs following a shoulder surgery. (Dockets 1 & 10). The court appointed counsel, who plaintiff later discharged. (Dockets 5 & 26). Now pending before the court are three motions to dismiss. Defendants first moved to dismiss the complaint on the merits and later moved twice to dismiss on the basis of failure to abide by court scheduling orders. (Dockets 17, 29 & 36). Despite two separate orders setting deadlines for plaintiff to respond to the motions to dismiss, no response was filed. (Dockets 26 & 34). The court now dismisses the complaint for failure to exhaust administrative remedies or, in the alternative, failure to prosecute.

## I. Legal Standards

### A. Motion to dismiss

Under Federal Rule of Civil Procedure 12(b)(6), a plaintiff must plead "enough facts to state a claim to relief that is plausible on its face." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007). Two "working principles" underlie Rule 12(b)(6) analysis. See Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009). First, courts are not required to accept as true legal conclusions "couched as . . . factual allegation[s]" in the complaint. Id. "[A] complaint must allege 'more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do.'" Torti v. Hoag, 868 F.3d 666, 671 (8th Cir. 2017) (quoting Twombly, 550 U.S. at 555). The court does, however, "take the plaintiff's factual allegations as true." Braden v. Wal-Mart Stores, Inc., 588 F.3d 585, 594 (8th Cir. 2009). Second, the plausibility standard is a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense." Iqbal, 556 U.S. at 679 (citation omitted). The complaint is analyzed "as a whole, not parsed piece by piece to determine whether each allegation, in isolation, is plausible." Braden, 588 F.3d at 594.

"Though matters outside the pleadings may not be considered in deciding a Rule 12 motion to dismiss, documents necessarily embraced by the complaint are not matters outside the pleading." Zean v. Fairview Health Servs., 858 F.3d 520, 526 (8th Cir. 2017) (internal quotation omitted). "In general, materials embraced by the complaint include documents whose contents are alleged in a

2

complaint and whose authenticity no party questions, but which are not physically attached to the pleadings." Id. (internal quotation omitted).

### B. Failure to prosecute

Under Federal Rule of Civil Procedure 41(b), "a district court may dismiss a case if 'the plaintiff fails to prosecute' or doesn't comply with the Federal Rules of Civil Procedure or a court order." DiMercurio v. Malcom, 716 F.3d 1138, 1140 (8th Cir. 2013) (quoting Fed. R. Civ. P. 41(b)).

> [A] Rule 41(b) dismissal with prejudice is a drastic and extremely harsh sanction, and is proper only when there has been a clear record of delay or contumacious conduct by the plaintiff[.] And [the United States Court of Appeals for the Eighth Circuit] ha[s] admonished that even where the facts might support dismissal with prejudice, this ultimate sanction should only be used when lesser sanctions prove futile.

Id. (internal quotations and citations omitted).

## II. Facts

Defendants filed the Jail's inmate handbook and copies of the messages plaintiff sent to Jail staff through its inmate kiosk system as exhibits. (Docket 19). They assert these materials are necessarily embraced by the complaint because plaintiff alleged he exhausted his administrative remedies in his amended complaint. (Docket 18 at pp. 6-7). Plaintiff has not questioned the authenticity of the exhibits. The court finds the exhibits are embraced by the complaint. Zean, 858 F.3d at 526. This factual recitation is drawn from the amended complaint and defendants' exhibits.

In the summer of 2018, plaintiff was seriously beaten. (Docket 10 at ¶ 10). He had surgery after the assault but his left shoulder "did not heal

3

properly," requiring a medical exam and possible additional surgery.  Id. at ¶ 12.
The exam was scheduled for January 7, 2019, but plaintiff was arrested and
incarcerated on January 3.  Id. at ¶¶ 12-13.  Defendants did not arrange for
plaintiff to be taken to his January 7 appointment.  Id. at ¶ 14.  "As early as
January 9 or 10," plaintiff felt a screw in his left shoulder emerging from the
shoulder.¹  Id. at ¶ 15.  Plaintiff's shoulder became "obviously infected[.]"  Id.
at ¶ 16.  Plaintiff was taken to a doctor on February 20, who recommended
emergency surgery.  Id. at ¶ 24.  Plaintiff was found to have a MRSA infection
and underwent emergency surgery on February 21.²  Id. at ¶¶ 25, 27.

The Jail has a grievance policy to allow inmates to lodge complaints with
officials.  (Docket 19-1 at pp. 17-19).  Inmates must submit their grievances on
the kiosk.  Id. at p. 18.  The grievance policy allows inmates to appeal the
response first to the Jail Captain and then to the Jail Commander.  Id. at
pp. 18-19.  There is no appeal from the Commander's decision.  Id. at p. 19.
Jail policy separately allows inmates to request medical care via a "sick call"
request submitted on the kiosk.  Id. at p. 29.

Plaintiff alleges he asked defendants "many times" for medical treatment,
to no avail.  (Docket 10 at ¶ 17).  His inmate kiosk history shows he mentioned

---

¹The complaint does not explain the origin of the screw, but implies it was placed in plaintiff's shoulder during the post-assault surgery.

²MRSA refers to a methicillin-resistant Staphylococcus aureus infection. It is often associated with surgery.  MRSA infections are resistant to many antibiotics and can be life-threatening.  MRSA infection, Mayo Clinic, available at https://www.mayoclinic.org/diseases-conditions/mrsa/symptoms-causes/syc-20375336 (last visited Jan. 9, 2020).

his health, typically specifying issues relating to his shoulder or collarbone, in eight requests between January 10 and February 13. (Docket 19-2 at pp. 5-7, 10-14). Six of the eight requests are classified by the kiosk system as sick calls. Id. at pp. 5, 7, 11-14. None of the requests mention a screw or infection. Plaintiff never filed a grievance. He never appealed any of his requests through the Jail administrative process.

## III. Analysis

### A. PLRA administrative exhaustion

The Prison Litigation Reform Act ("PLRA") requires prisoners to exhaust "such administrative remedies as are available" through their place of incarceration before bringing a suit under federal law. 42 U.S.C. § 1997e(a).

> [T]o properly exhaust administrative remedies[,] prisoners must "complete the administrative review process in accordance with the applicable procedural rules," rules that are defined not by the PLRA but by the prison grievance process itself. . . . [I]t is the prison's requirements, and not the PLRA, that define the boundaries of proper exhaustion.

Jones v. Bock, 549 U.S. 199, 218 (2007) (quoting Woodford v. Ngo, 548 U.S. 81, 88 (2006)). "Inmates are excused from exhausting remedies 'when officials have prevented prisoners from utilizing the procedures, or when officials themselves have failed to comply with the grievance procedures.'" Porter v. Sturm, 781 F.3d 448, 452 (8th Cir. 2015) (quoting Gibson v. Weber, 431 F.3d 339, 341 (8th Cir. 2005)).

Plaintiff did not exhaust his administrative remedies. Jail policy requires inmates to submit grievances through the inmate kiosk when a complaint

cannot be resolved "by submitting an inmate request" or when a "condition . . . [an inmate] perceives to be harmful or injurious to his/her welfare or safety" exists. (Docket 19-1 at pp. 17-18). Grievances resolved adversely to the inmate must be appealed to the Jail captain and commander. Id. at pp. 18-19. Plaintiff did not submit any grievances related to his medical condition and consequently did not appeal any grievances. He did not utilize the Jail's administrative procedure, barring his § 1983 complaint.

Nor does plaintiff's complaint allege any facts justifying an excuse from the exhaustion requirement. Plaintiff does not allege he was prevented from using the grievance procedure or that Jail officials failed to comply with the procedures. In fact, plaintiff's kiosk history shows he actively submitted medical and other requests that received official responses.

The court must dismiss this case for failure to exhaust administrative remedies. 42 U.S.C. § 1997e(a).

### B. Failure to prosecute

Alternatively, the court finds it appropriate to dismiss this case for failure to prosecute.[3] The court twice extended the deadline for plaintiff to respond to pending motions to dismiss and warned him that failing to respond could result in dismissal. (Dockets 26 & 34). The court granted the second extension upon plaintiff's *pro se* motion, showing that plaintiff has the ability to file documents. (Docket 32).

---

[3]The court makes this holding in the alternative because "[w]hen a motion would be dispositive of the merits of the cause if granted, courts should normally not treat a failure to respond to the motion as conclusive. They should . . . proceed to examine those portions of the record properly before them and decide for themselves whether the motion is well taken[.]" Canada v. Union Elec. Co., 135 F.3d 1211, 1213 (8th Cir. 1997).

Plaintiff's repeated failure to respond to the motions to dismiss show "persistent failure to prosecute" his complaint. Smith v. Gold Dust Casino, 526 F.3d 402, 405 (8th Cir. 2008) (internal quotation omitted). Accordingly, dismissal with prejudice may be appropriate. Id. However, defendants did not specifically request dismissal with prejudice. In addition, the Eighth Circuit holds "even where the facts might support dismissal with prejudice, this ultimate sanction should only be used when lesser sanctions prove futile." DiMercurio, 716 F.3d at 1140 (internal quotation omitted). The court has not imposed any lesser sanction against plaintiff and so will dismiss the complaint without prejudice.[4]

**ORDER**

For the reasons given above, it is

ORDERED that defendants' motions to dismiss (Dockets 17, 29, & 36) are granted.

IT IS FURTHER ORDERED that plaintiff's complaint is dismissed without prejudice.

Dated February 13, 2020.

        BY THE COURT:

        /s/ *Jeffrey L. Viken*
        JEFFREY L. VIKEN
        UNITED STATES DISTRICT JUDGE

---

[4]This distinction may be meaningless in the present case because plaintiff appears to have been released from custody at the Jail. See United States v. Jumping Eagle, CR. 11-50017 (Docket 56) (D.S.D. Apr. 19, 2019) (sentencing plaintiff to 4 months custody for a supervised release violation). Defendant is no longer able to exhaust his administrative remedies at the Jail with regard to his medical complaints.